**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-60723-GAYLES/STRAUSS**


**NADINE SUTHERLAND,**

Plaintiff,

v.

**CITY OF PEMBROKE PINES,**

Defendant.

_____/


## ORDER REQUIRING COMPLIANCE WITH LOCAL RULES

THIS MATTER came before the Court upon a *sua sponte* review of the record.

Defendant filed a motion for summary judgment on June 10, 2026. [DE 52]. At the same time, Defendant filed a statement of undisputed material facts in support of its motion for summary judgment, [DE 53], as required by the Court's local rules, *see* S.D. Fla. L.R. 56.1(a)-(b). Plaintiff missed the initial deadline to respond to the motion, necessitating an order to show cause directed at her. *See* [DE 55]. Plaintiff responded to the order to show cause by seeking an extension of time to respond to the motion—due to her misunderstanding of the applicable rules. [DE 56]; [DE 59]. I granted Plaintiff's request and directed her to file her response to Defendant's motion for summary judgment "on or before **July 8, 2026**." [DE 60]. Plaintiff eventually filed her Response in Opposition to Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (the "MSJ Response"). [DE 61]. However, the MSJ Response is dated July 10, 2026, two days after the extended deadline set by the Court. *See id.* at 16. Plaintiff represents in the MSJ Response that she served the same on Defendant's counsel on July 10, 2026. *Id.*

In addition to Plaintiff's apparent late submission of the MSJ Response, Plaintiff has not complied with the Court's local rules regarding motions for summary judgment. Most notably, Plaintiff has failed to include "a separate and contemporaneously filed and served Statement of Material Facts" that "clearly challenge[s] any purportedly material fact asserted by the movant that the opponent contends is genuinely in dispute" and, if applicable, "assert[s] additional material facts that the opponent contends serve to defeat the motion for summary judgment." S.D. Fla. L.R. 56.1(a)(1)-(2). Although Plaintiff attempts to refute Defendant's version of the facts within her MSJ Response, *see, e.g.*, [DE 61] at 6 (asserting that certain evidence contradicts Defendant's characterizations of Plaintiff's job effectiveness and resignation), Local Rule 56.1 requires a separate filing that specifically addresses each paragraph in Defendant's statement of material facts), *see* S.D. Fla. L.R. 56.1(b).

Plaintiff must file this separate response to Defendant's statement of facts. In that separate response, Plaintiff needs to respond to Defendant's statement of facts paragraph-by-paragraph. S.D. Fla. L.R. 56.1(b)(2)(A). The response to each paragraph must begin with either the word "disputed" or "undisputed," and disputed paragraphs require citations to the record. S.D. Fla. L.R. 56.1(b)(2)(B) & (C).  Moreover, the citations to the record must be specific, such as by referring to specific pages that support the factual assertion. *See* S.D. Fla. L.R. 56.1(b)(1)(B) ("When a material fact requires specific evidentiary support, a general citation to an exhibit without a page number or pincite (e.g., 'Smith Affidavit' or 'Jones Deposition' or 'Exhibit A') is non-compliant."); S.D. Fla. L.R. 56.1(b)(2)(C). If Plaintiff wishes to include additional factual assertions beyond what Defendant states in its statement of material facts, she must provide those assertions in a separate section and support each with specific citations (which may include portions of sworn declarations, affidavits, or deposition transcripts). *See* S.D. Fla. L.R.

2

56.1(b)(2)(D). The numbering of the additional facts must begin where Defendant's numbering left off. *See id.* Furthermore, Plaintiff must attach as exhibits to her response to the statement of facts any materials to which she cites that are not already in the record. S.D. Fla. L.R. 56.1(b)(1)(B). That includes, for example, any deposition transcript or sworn declaration containing Plaintiff's own testimony.

The fact that Plaintiff is proceeding *pro se* does not mean that she does not have to comply with the Court's local rules. *E.g.*, *Lewis v. Waitts*, No. 24-CV-81305, 2024 WL 5165886, at *1 (S.D. Fla. Dec. 19, 2024) ("[*P*]*ro se* litigants are still required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida[.]"). Indeed, "local rules have 'the force of law.'" *Kefeenie v. Gloria Martin Tr.*, No. 17-24346-CIV, 2018 WL 4301558, at *4 (S.D. Fla. Sept. 10, 2018) (Gayles, J.) (quoting *State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, 145 F. Supp. 3d 1154, 1158 (S.D. Fla. 2015)). Although it may appear to be a technical formality, Local Rule 56.1 "serves a vital purpose in 'help[ing] the court identify and organize the issues in the case.'" *Id.* (quoting *B&A Diagnostic*, 145 F. Supp. 3d at 1158. "It also preserves scarce judicial resources by preventing a court from 'having to scour the record and perform time-intensive fact searching.'" *Id.*

Accordingly, it is hereby **ORDERED** as follows:

1.      On or before **July 20, 2026**, Plaintiff shall file a responsive statement of material facts that fully complies with each applicable provision of Local Rule 56.1. Failure to do so may result in Defendant's statement of material facts being deemed admitted by Plaintiff. *See* S.D. Fla. L.R. 56.1(c)-(d).

2.      In addition to the responsive statement of material facts, Plaintiff may contemporaneously file an amended response to Defendant's motion for summary judgment that refers to her responsive statement of material facts.

3.      Defendant shall then have **seven days** from the date Plaintiff files a statement of material facts or until **July 27, 2026**, whichever is earlier, to file a reply and a reply statement of material facts.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 13th day of July 2026.

Jared M. Strauss
**United States Magistrate Judge**