**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 25-cv-60723-GAYLES/STRAUSS**

**NADINE SUTHERLAND,**

**Plaintiff,**

**v.**

**CITY OF PEMBROKE PINES,**

**Defendant.**

_____________________________________/

**ORDER**

**THIS CAUSE** comes before the Court on Defendant's Motion for Summary Judgment (the "Motion"). [ECF No. 52]. The action was referred to Magistrate Judge Jared M. Strauss, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 37]. On September 9, 2026, Judge Strauss issued his report recommending that the Motion be granted (the "Report"). [ECF No. 73].

On September 22, 2026, Plaintiff objected to the Report's findings that she (1) failed to rebut Defendant's performance reasons, (2) lacked positive performance evidence from the February to June 2024 period, (3) presented no differential-treatment evidence other than her replacement, and (4) failed to present sufficient circumstantial evidence from which a reasonable jury could infer discrimination (the "Objections"). [ECF No. 74]. Notably, Plaintiff states that she inadvertently attached her 2022–2023 rather than her 2023–2024 Annual Performance Evaluation as Exhibit 3 to her Response Statement of Material Facts. *Id.* Plaintiff contends that the 2023–2024 Annual Performance Evaluation is evidence of positive performance during the relevant time period such

that a reasonable jury could infer discrimination. *Id.* Plaintiff also asks the Court to consider newly submitted, supplemental materials in support of the Objections. *Id.*

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the record, including the Objections. To begin, Plaintiff "may not utilize an objection as a vehicle for the admission of evidence which Plaintiff should have previously presented to the Magistrate Judge for consideration." *United States v. Welch*, No. 6:14-cv-1581, 2015 WL 13791188, at *1 (M.D. Fla. Feb. 9, 2015). Accordingly, Plaintiff's reliance on the 2023–2024 Annual Performance Evaluation and supplemental materials is improper. And even if the Court considered the untimely submitted evidence, it would still agree with Judge Strauss's well-reasoned analysis and findings that "no reasonable jury could find that the City discriminated against [Plaintiff] because of her race." [ECF No. 73]. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1) Judge Strauss's Report and Recommendation, [ECF No. 73], is **ADOPTED in full**;

(2) Defendant's Motion for Summary Judgment, [ECF No. 52], is granted.

(3) The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

(4) This case is closed and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE